■ JAN TOLPA, Plaintiff, v ONE ASTORIA SQUARE, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents, and FASA CONTRACTING, INC., Defendant/Third-Party Defendant-Appellant. [4 NYS3d 230]—

In an action to recover damages for personal injuries, etc., the defendant/third-party defendant, FASA Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), entered July 25, 2013, as granted that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification and, in effect, denied that branch

of its motion which was for summary judgment dismissing that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendants/third-party plaintiffs which was for summary judgment on the cause of action in the third-party complaint for contractual indemnification is denied, and that branch of the motion of the defendant/third-party defendant which was for summary judgment dismissing that cause of action is granted.

Criterion Development Group, LLC (hereinafter Criterion), was the general contractor on a construction project at a building owned by One Astoria Square, LLC (hereinafter Astoria). FASA Contracting, Inc. (hereinafter FASA), was the masonry subcontractor on the project. The plaintiff, an employee of another subcontractor, allegedly sustained injuries at the site, and commenced this personal injury action against Criterion and Astoria (hereinafter together the Criterion defendants). The Criterion defendants commenced a third-party action against FASA, seeking, inter alia, contractual indemnification. FASA moved for summary judgment, inter alia, dismissing the cause of action for contractual indemnification set forth in the third-party complaint. The Criterion defendants cross-moved for summary judgment, inter alia, on that cause of action. The Supreme Court denied the motion and granted the cross motion. FASA appeals.

A party's right to contractual indemnification depends upon the specific language of the relevant contract (see *Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255 [2010]; *Sherry v Wal-Mart Stores E., L.P.*, 67 AD3d 992, 994 [2009]). Here, FASA's indemnification obligation is limited to claims, damages, losses, and expenses caused in whole or in part by its negligent acts or omissions. FASA established its prima facie entitlement to judgment as a matter of law dismissing the contractual claim by demonstrating that the plaintiff's injuries were not caused in whole or in part by any negligence on its part, and that, accordingly, the indemnification clause was not triggered (see *Mikelatos v Theofilaktidis*, 105 AD3d 822, 823-824 [2013]; *see also Perales v First Columbia 1200 NSR, LLC*, 88 AD3d 1213, 1214 [2011]). FASA established that it did not create the dangerous condition that allegedly caused or contributed to the plaintiff's accident, that it completed its work in the subject area of the work site four to five months before the accident, that it cleared the area of debris, and that it never received any complaints regarding the condition of the area (see *Simon v Granite Bldg. 2, LLC*, 114 AD3d 749, 754 [2014]; *Erickson v*

*Cross Ready Mix, Inc.*, 75 AD3d 519, 523 [2010]). In opposition, the Criterion defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Simon v Granite Bldg. 2, LLC*, 114 AD3d at 755). Accordingly, the Supreme Court should have granted that branch of FASA's motion which was for summary judgment dismissing the contractual indemnification cause of action, and denied that branch of the Criterion defendants' cross motion which was for summary judgment on that cause of action. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.

■ US Bank National Association, as Trustee, Respondent, v Miguel Madero et al., Appellants, et al., Defendants. [5 NYS3d 105]—

In an action to foreclose a mortgage, the defendants Miguel Madero and Martha Madero appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 28, 2013, as, upon a decision of the same court dated November 15, 2012, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike their answer, and for an order of reference, and denied those branches of their cross motion which were pursuant to CPLR 3211 (a) to dismiss the complaint, for summary judgment dismissing the complaint, or for an immediate trial.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Miguel Madero and Martha Madero, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs.

Generally, "[i]n residential mortgage foreclosure actions, as here, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default" (*Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]; *see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). However, "[w]here the plaintiff is not the original lender and standing is at issue, the plaintiff seeking summary judgment must also provide evidence that it received both the mortgage and note by a proper assignment which can

be established by the production of a written assignment of the note or by physical delivery to the plaintiff of the mortgage and note" (*Midfirst Bank v Agho*, 121 AD3d at 347-348 [citations omitted]).

On its motion for summary judgment, the plaintiff had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In support of its motion for summary judgment, the plaintiff submitted, inter alia, a copy of the note and the mortgage. The plaintiff also submitted an affidavit of Kyle N. Campbell, a Vice President of Loan Documentation for Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. (hereinafter Wells Fargo), doing business as America's Servicing Company (hereinafter ASC), the servicing agent for the plaintiff. Based on his personal knowledge and his review of the pleadings and records maintained by Wells Fargo and ASC, Campbell provided a summary of relevant events, including the execution of the mortgage and the note, the transfer of the mortgage and the note to Wells Fargo, as custodian for the trust for which the plaintiff served as trustee, and the default in payments and amounts due.

However, the only bases for Campbell's assertions that the note and the mortgage were physically transferred to Wells Fargo as custodian for the trust on March 1, 2007, and that Wells Fargo was in physical possession of the note and the mortgage at the time this action was commenced, were documents in the possession of Wells Fargo and ASC. These records constituted hearsay (*see generally People v Goldstein*, 6 NY3d 119, 127 [2005]). Since Campbell failed to lay a proper foundation for the admission of these records under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), those of Campbell's assertions that were based on these records were inadmissible. Since the motion was predicated on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Miguel Madero and Martha Madero, and for an order of reference, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit.

Rivera, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2012 NY Slip Op 32781(U).]**