■ Antonine Rose Cox et al., Plaintiffs, v Consolidated Edison, Inc., Defendant/Third-Party Plaintiff-Respondent, et al., Defendants. Mecc Contracting, Inc., Third-Party Defendant-Appellant. [5 NYS3d 147]—

In an action to recover damages for personal injuries, etc., the third-party defendant, MECC Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered March 12, 2013, as amended March 14, 2013, as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Antonine Rose Cox (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over a steel road plate at the intersection of Parsons Boulevard and Union Turnpike in Queens on September 1, 2003. The injured plaintiff and her husband, suing derivatively, alleged that the accident was due to the construction work being undertaken at that intersection by the defendants Consolidated Edison, Inc. (hereinafter Con Edison), Welsbach Electric Corp., and Custom Commercial Construction Corp. (hereinafter Custom). Con Edison subsequently commenced a third-party action for indemnification and/or contribution against MECC Contracting, Inc. (hereinafter MECC), its excavation contractor.

After the plaintiffs moved to restore the case to the trial calendar, MECC cross-moved for summary judgment dismissing the third-party complaint, on the ground, inter alia, that there were no records indicating that it had performed any work in the subject intersection prior to the plaintiff's accident.

The Supreme Court denied MECC's cross motion, finding, in effect, that despite the lack of records, there were still triable issues of fact as to whether the accident was the result of MECC's negligence.

As the party moving for summary judgment, MECC was required to demonstrate its prima facie entitlement to judgment as a matter of law. As a general rule, a party meets this burden by affirmatively demonstrating the merits of its claim or defense, not by pointing to gaps in the opponent's proof (see *L&D Serv. Sta., Inc. v Utica First Ins. Co.*, 103 AD3d 782, 783 [2013]; *Englington Med., P.C. v Motor Veh. Acc. Indem. Corp.*, 81 AD3d 223, 230 [2011]). MECC failed to establish its prima facie entitlement to judgment as a matter of law. MECC relied on the deposition testimony of a Con Edison employee who uncovered certain Con Edison reports pertaining to the accident site generated a few days after the accident; however, that employee admittedly failed to search for any and all documents regarding the work at the intersection. Furthermore, MECC's president testified at his deposition that MECC destroys its records approximately four or five years after the records are created, and that he had no recollection of visiting the site and had no personal knowledge of the work done at the site. Since MECC failed to establish its prima facie entitlement to judgment as a matter of law, its motion for summary judgment should have been denied, regardless of the sufficiency of the opposing papers (see *Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]; *Schulman Family Enters. v Schulman*, 104 AD3d 934 [2013]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.