In an action to recover damages for personal injuries, etc., (1) the defendant Mill Basin Convenience Store Corp. appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 23, 2014, as (a) denied that branch of its cross motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against it by the defendant A.R. Fuels, Inc., and (b) denied, with leave to renew, that branch of the motion of the defendant A.R. Fuels, Inc., which was for summary judgment on its cross claim for contractual indemnification asserted against the defendant Mill Basin Convenience Store Corp. and that branch of the separate motion of the defendant A.R. Fuels, Inc., which was for certain declaratory relief, and (2) the defendant A.R. Fuels, Inc., cross-appeals from so much of the same order as denied, with leave to renew that branch of its motion which was for summary judgment on its cross claim for contractual indemnification asserted against the defendant Mill Basin Convenience Store Corp. and that branch of its separate motion which was for certain declaratory relief.
 

 Ordered that the appeal from so much of the order as denied, with leave to renew, that branch of the motion of the defendant A.R. Fuels, Inc., which was for summary judgment on its cross claim for contractual indemnification asserted against the defendant Mill Basin Convenience Store Corp. and that branch of the separate motion of the defendant A.R. Fuels, Inc., which was for certain declaratory relief is dismissed, as the defendant Mill Basin Convenience Store Corp. is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
 

 Ordered that the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from, without costs or disbursements.
 

 The plaintiffs commenced this action to recover damages for personal injuries that the plaintiff Jane O’Donnell allegedly sustained when she tripped and fell on a sidewalk abutting real property owned by the defendant A.R. Fuels, Inc. (hereinafter the owner). The owner asserted a cross claim for contractual indemnification against the defendant Mill Basin Convenience Store Corp. (hereinafter the tenant), which allegedly was the owner’s tenant. The tenant asserted its own cross claim against the owner for common-law indemnification.
 

 The owner thereafter moved for, among other things, summary judgment on its cross claim for contractual indemnification. The tenant cross-moved for, inter alia, summary judgment dismissing the cross claim asserted against it. The owner subsequently made a separate motion for, among other things, a declaration that the tenant is required to indemnify it pursuant to a lease agreement.
 

 In the order appealed from, the Supreme Court, inter alia, denied, with leave to renew, that branch of the owner’s motion which was for summary judgment on its cross claim for contractual indemnification and that branch of the owner’s separate motion which was for declaratory relief. The court also denied that branch of the tenant’s cross motion which was for summary judgment dismissing the owner’s cross claim.
 

 “The right to contractual indemnification depends upon the specific language of the contract” (George v Marshalls of MA, Inc., 61 AD3d 925, 930 [2009]; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808 [2009]). “The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances” (George v Marshalls of MA, Inc., 61 AD3d at 930).
 

 Here, the Supreme Court properly denied that branch of the owner’s motion which was for summary judgment on its cross claim for contractual indemnification and that branch of the owner’s separate motion which was for declaratory relief. Although the owner’s cross claim for contractual indemnification was premised on the existence of a written lease agreement between the owner and a former tenant, the owner’s submissions were insufficient to establish that the lease agreement was authentic and binding on the tenant (see Fairlane Fin. Corp. v Greater Metro Agency, Inc., 109 AD3d 868, 870 [2013]; NYCTL 1998-2 Trust v Santiago, 30 AD3d 572, 573 [2006]; see also Jerome Prince, Richardson on Evidence § 9-101 [Farrell 11th ed 1995, 2008 Supp]). Since the owner failed to sustain its initial burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law with respect to its cross claim for contractual indemnification (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]), the court properly denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification and that branch of its separate motion which was for,declaratory relief, regardless of the sufficiency of the tenant’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 The Supreme Court also properly denied that branch of the tenant’s cross motion which was for summary judgment dismissing the owner’s cross claim. Contrary to the tenant’s contention, it may be required to indemnify the owner notwithstanding the owner’s nondelegable obligations under Administrative Code of the City of New York § 7-210 if the tenant was contractually responsible for performing sidewalk repairs and failed to comply with that contractual duty (see Wahl v JCNYC, LLC, 133 AD3d 552, 552 [2015], citing Collado v Cruz, 81 AD3d 542, 542 [2011]; cf. Reyderman v Meyer Berfond Trust #1, 90 AD3d 633, 633 [2011]). The tenant’s remaining contentions in support of its cross motion for summary judgment are either without merit or not properly before this Court. Since the tenant failed to establish, prima facie, its entitlement to judgment as a matter of law, the court properly denied that branch of its cross motion which was for summary judgment dismissing the owner’s cross claim (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
 

 The tenant’s appeal from so much of the order as denied, with leave to renew, that branch of the owner’s motion which was for summary judgment on its cross claim for contractual indemnification and that branch of the owner’s separate motion which was for declaratory relief must be dismissed, as the tenant is not aggrieved by that portion of the order (see Pepin v Jani, 101 AD3d 694, 694 [2012]; Mortgage Elec. Registration Sys., Inc. v McDuffie, 33 AD3d 893, 894 [2006]; Samuels v Ames Realty Corp., 79 AD2d 651, 651 [1980]).
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.