Hanna v Milazzo (2020 NY Slip Op 00407)





Hanna v Milazzo


2020 NY Slip Op 00407


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-11953
 (Index No. 2879/15)

[*1]Talaat Hanna, plaintiff, 
v
Gioacchino Milazzo, et al., appellants, et al., defendant, Eagle Aluminum Windows, Inc., respondent.


Gold Benes, LLP, Bellmore, NY (Robert J. Stone of counsel), for appellants.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Gioacchino Milazzo and Francesca Milazzo appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 10, 2018. The order, insofar as appealed from, granted that branch of the renewed motion of the defendant Eagle Aluminum Windows, Inc., which was for summary judgment dismissing the cross claim of the defendants Gioacchino Milazzo and Francesca Milazzo for contractual indemnification insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for injuries he allegedly sustained in February 2015, when he slipped and fell on snow and ice on the sidewalk abutting a building in Ridgewood. The subject premises is a mixed-use residential and commercial building owned by the defendants Gioacchino Milazzo and Francesca Milazzo (hereinafter together the Milazzo defendants). The Milazzo defendants operated a hair salon business from a storefront on the first floor of the subject building. In 2004, Francesca Milazzo and the defendant Eagle Windows, Inc. (hereinafter Eagle), predecessor in interest of the defendant Eagle Aluminum Windows, Inc. (hereinafter EAW), executed a written lease wherein Eagle leased a second storefront at the same building, adjacent to the Milazzo defendants' hair salon. The lease term expired on October 31, 2009, but EAW continued to occupy the leasehold as a month-to-month tenant. The lease described the demised premises as a store to be used by the tenant as a sales office for window installation projects, and obligated the tenant to keep the sidewalk of the demised premises free of ice and snow. Additionally, the lease contained a provision wherein the tenant agreed to indemnify the lessor, inter alia, for personal injury claims arising on the demised premises or the sidewalk adjoining them.
Following the plaintiff's commencement of this action, the Milazzo defendants served an answer which asserted a cross claim for contractual indemnification against Eagle and EAW based on the alleged failure to clear the sidewalk in accordance with the terms of the lease. Discovery was conducted, after which EAW moved, inter alia, for summary judgment dismissing the Milazzo defendants' cross claim insofar as asserted against it. The Milazzo defendants opposed the motion. The Supreme Court denied EAW's motion with leave to renew, observing that the proof [*2]of service of the motion was defective. EAW subsequently filed a renewed motion for summary judgment, and the Milazzo defendants renewed their opposition to EAW's substantive arguments in support of summary judgment. In an order entered July 10, 2018, the court granted that branch of EAW's renewed motion which was for summary judgment dismissing the Milazzo defendants' cross claim for contractual indemnification insofar as asserted against it. The Milazzo defendants appeal. We affirm the order insofar as appealed from.
Contrary to the Supreme Court's determination, the Milazzo defendants opposed that branch of EAW's renewed motion which was for summary judgment dismissing their cross claim for contractual indemnification insofar as asserted against it. The record unequivocally demonstrates that the Milazzo defendants expressly renewed and reiterated their opposition to that branch of the renewed motion.
Contrary to the contention of the Milazzo defendants, EAW established its prima facie entitlement to judgment as a matter of law dismissing the cross claim for contractual indemnification insofar as asserted against it. "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Gurewitz v City of New York, 175 AD3d 658, 664; see Tolpa v One Astoria Sq., LLC, 125 AD3d 755, 756; Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255). A contractual indemnity provision "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 417).
Here, in support of its motion, EAW submitted, inter alia, the lease and transcripts of the parties' deposition testimony. The language of the lease unambiguously established that EAW's snow removal obligations were limited to the sidewalk abutting the "demised premises," which the lease further described as the store from which EAW operated a sales office for window installation projects. Similarly, insofar as relevant, the contractual indemnification provision in the lease was limited, inter alia, to claims for injuries occurring "on the sidewalk adjoining the demised premises." The uncontroverted deposition testimony of the plaintiff demonstrated beyond any doubt that he slipped and fell on the sidewalk outside the Milazzo defendants' hair salon, and not on the sidewalk abutting EAW's window store. Accordingly, EAW's submissions established, prima facie, that, under the express and unambiguous terms of the lease, any contractual obligation of EAW to indemnify the Milazzo defendants was not triggered, and the Milazzo defendants failed to raise a triable issue of fact in opposition to this prima facie showing (see e.g. Tolpa v One Astoria Sq., LLC, 125 AD3d at 756-757; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 754-755; Mikelatos v Theofilaktidis, 105 AD3d 822, 824).
Moreover, to the extent that the Milazzo defendants additionally contend that EAW assumed a duty to clear snow and ice from the sidewalk in front of their hair salon because one of its employees helped Francesca Milazzo with snow removal on the day of the accident, the contention fails to support their claim for contractual indemnification. Rather, the deposition testimony of Francesca Milazzo and of the EAW employee unequivocally established that any snow clearing activity by the employee occurred solely on the sidewalk abutting EAW's leasehold premises, and Francesca Milazzo's subsequent submission of a contrary affidavit in opposition to EAW's motion only raised only a feigned factual issue insufficient to defeat EAW's prima facie showing of entitlement to summary judgment (see Ventura v County of Nassau, 175 AD3d 620, 621).
In view of the foregoing, we do not reach the parties' remaining contentions.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court