Yancha v 2 Herald Owner, LLC (2021 NY Slip Op 04253)





Yancha v 2 Herald Owner, LLC


2021 NY Slip Op 04253


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-13390
 (Index No. 17313/12)

[*1]Wilson Yancha, plaintiff, 
v
2 Herald Owner, LLC, et al., defendants third-party plaintiffs- appellants; Rite-Way Internal Removal, Inc., third-party defendant-respondent.


Cartafalsa Slattery Turpin & Lenoff (Lawrence, Worden, Rainis & Bard, PC, Melville, NY [Roger B. Lawrence], of counsel), for defendant third-party plaintiff- appellant 2 Herald Owner, LLC.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated November 27, 2017. The order, insofar as appealed from, denied that branch of the defendants third-party plaintiffs' motion which was for summary judgment on their third-party cause of action for contractual indemnification insofar as asserted by the defendant third-party plaintiff 2 Herald Owner, LLC, and granted that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the defendant third-party plaintiff 2 Herald Owner, LLC.
ORDERED that the appeal by the defendant third-party plaintiff SLG 2 Herald, LLC, is dismissed as abandoned; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the defendant third-party plaintiff 2 Herald Owner, LLC, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from by the defendant third-party plaintiff 2 Herald Owner, LLC; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff 2 Herald Owner, LLC, payable by the third-party defendant.
This action centers around an accident that occurred during demolition work at a building located on Broadway, in Manhattan. At the time of the accident, the injured plaintiff, Wilson Yancha, was employed by the third-party defendant, Rite-Way Internal Removal, Inc. (hereinafter Rite-Way), and the subject premises were governed, inter alia, by a ground lease entered into between the defendant third-party plaintiff 2 Herald Owner, LLC (hereinafter the appellant), as [*2]lessor, and nonparty 1328 Broadway Owners, LLC, as lessee. Rite-Way had been retained as a subcontractor by nonparty Shawmut Woodworking & Supply, Inc. (hereinafter Shawmut), to perform certain demolition work at the premises.
Insofar as relevant to this appeal, Yancha commenced this action against the appellant, and the appellant commenced a third-party action against Rite-Way, asserting, among other things, a cause of action for contractual indemnification. After joinder of issue, the appellant moved, inter alia, for summary judgment on its third-party cause of action for contractual indemnification, and Rite-Way cross-moved, among other things, for summary judgment dismissing that cause of action. In an order dated November 27, 2017, the Supreme Court, inter alia, denied that branch of the appellant's motion and granted that branch of Rite-Way's cross motion. This appeal ensued.
"'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622).
Here, the evidence submitted by the appellant in support of that branch of its motion which was for summary judgment on its third-party contractual indemnification cause of action was insufficient to establish, prima facie, the appellant's status as an indemnified entity under the terms of the subcontract agreement entered into between Rite-Way and Shawmut (see O'Donnell v A.R. Fuels, Inc., 155 AD3d at 645-646). To the extent the appellant belatedly attempted to submit additional documentary evidence for the first time in its reply, such evidence should have been disregarded by the Supreme Court and we have not considered it (see Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943-944). Since the appellant failed to meet its prima facie burden, that branch of its motion which was for summary judgment on its third-party cause of action for contractual indemnification was properly denied, regardless of the sufficiency of Rite-Way's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
For the same reason, that branch of Rite-Way's cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the appellant should have been denied regardless of the sufficiency of the appellant's opposition papers (see id. at 853). Rite-Way's submission failed to establish, prima facie, that the appellant was not an indemnified entity under the terms of the subcontract agreement entered into between Rite-Way and Shawmut (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 558; Spiegler v Gerken Bldg. Corp., 35 AD3d 715, 717). Rite-Way could not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the appellant's case (see UB Distribs., LLC v S.K.I. Wholesale Beer Corp., 161 AD3d 1027, 1028).
Accordingly, the order appealed from must be modified to the extent indicated.
In light of our determination, the appellant's remaining contentions have been rendered academic.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court