Burgos v 14 E. 44 St., LLC (2022 NY Slip Op 01284)





Burgos v 14 E. 44 St., LLC


2022 NY Slip Op 01284


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-09571
 (Index No. 1198/16)

[*1]Jose Burgos, plaintiff, 
v
14 East 44 St., LLC, respondent, K & H 14, Inc., etc., appellant, et al., defendants.


Charles F. Harms, Jr., Garden City, NY (Michael Callari III of counsel), for appellant.
Michael Swinner (Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York, NY [Eric S. Schlesinger, Aran J. O'Gara, and Vincent L. Gonzalez], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant K & H 14, Inc., appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated May 31, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant K & H 14, Inc., which were for summary judgment dismissing the cross claims of the defendant 14 East 44 St., LLC, for contractual indemnification, common-law indemnification, and contribution insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell on a broken sidewalk flag on East 44th Street in Manhattan. At the time of the accident, one of the premises abutting the sidewalk was owned by the defendant 14 East 44 St., LLC (hereinafter 14 East). 14 East leased the premises to the defendant K & H 14, Inc. (hereinafter K & H). In its answer, 14 East asserted, inter alia, cross claims for contractual indemnification, common-law indemnification, and contribution against K & H. K & H subsequently moved, among other things, for summary judgment dismissing 14 East's cross claims insofar as asserted against it. In an order dated May 31, 2019, the Supreme Court, inter alia, denied
those branches of K & H's motion. K & H appeals.
The Supreme Court properly denied that branch of K & H's motion which was for summary judgment dismissing 14 East's cross claim for contractual indemnification insofar as asserted against it. "'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622). A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 558). This may be accomplished by showing that, under the circumstances, an indemnification clause in a contract [*2]between the parties either was not triggered or was otherwise inapplicable (see Tolpa v One Astoria Sq., LLC, 125 AD3d 755, 756; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 755; cf. Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 995-996). Here, contrary to K & H's assertion, it failed to establish that it was under no contractual duty to maintain the subject sidewalk or that the plaintiff's accident did not trigger the lease's indemnification provision (see Sherry v Wal-Mart Stores E., L.P., 67 AD3d at 995-996; cf. Simon v Granite Bldg. 2, LLC, 114 AD3d at 755).
The Supreme Court also properly denied those branches of K & H's motion which were for summary judgment dismissing 14 East's cross claims for common-law indemnification and contribution insofar as asserted against it. "[A] party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 981). This may be accomplished by establishing that the moving party had no duty to maintain the area where the plaintiff was allegedly injured (see Davis v Catsimatidis, 129 AD3d 766, 768). Similarly, a party moving for summary judgment dismissing a claim for contribution must make a prima facie showing that it did not owe a duty of reasonable care independent of its contractual obligations, or a duty of reasonable care to the plaintiff (see Morris v Home Depot USA, 152 AD3d 669, 673). Here, the conflicting evidence submitted by K & H failed to establish, prima facie, that it was free from negligence (see Sellitti v TJX Cos., Inc., 127 AD3d 724, 726), or that it did not entirely displace 14 East's duty to maintain the subject sidewalk (see Cox v Consolidated Edison, Inc., 125 AD3d 923, 924; cf. Morris v Home Depot USA, 152 AD3d at 673).
Accordingly, the Supreme Court properly denied those branches of K & H's motion which were for summary judgment dismissing 14 East's cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court