Selis v Town of N. Hempstead (2023 NY Slip Op 00890)

Selis v Town of N. Hempstead

2023 NY Slip Op 00890

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-08585
 (Index No. 9751/15)

[*1]Gail Selis, respondent, 
v
Town of North Hempstead, defendant third-party plaintiff, et al., defendant; Jewish Association for Services for the Aged, third-party defendant-appellant.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas Venante of counsel), for third-party defendant-appellant.
Mullany & Gjelaj, PLLC (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondent.
Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Lorienton N.A. Palmer of counsel), for defendant third-party plaintiff.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, for indemnification, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered June 10, 2019. The order, insofar as appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing the complaint and the third-party cause of action for contractual indemnification.
ORDERED that the appeal from so much of the order as denied that branch of the third-party defendant's motion which was for summary judgment dismissing the complaint is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly was injured when she tripped and fell on a torn section of carpeting that was covered with duct tape, after plugging in a space heater while she was at work. The plaintiff commenced this action to recover damages for personal injuries against, among others, the Town of North Hempstead, which owned and maintained the building where the plaintiff's accident occurred. The Town contracted with the Jewish Association for Services for the Aged (hereinafter JASA), which was the plaintiff's employer, to provide social work services to the Town's aging residents. The Town commenced a third-party action against JASA, inter alia, for contractual indemnification. JASA moved, among other things, for summary judgment dismissing the complaint and the third-party cause of action for contractual indemnification. By order entered June 10, 2019, the Supreme Court, inter alia, denied those branches of JASA's motion. JASA appeals.
As an initial matter, the appeal from so much of the order as denied that branch of JASA's motion which was for summary judgment dismissing the complaint is dismissed, in light of the entry of a judgment in this action on June 13, 2022, in favor of the plaintiff and against the Town awarding damages, following a trial (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025; Matter of Aho, 39 NY2d 241).
"The right to contractual indemnification depends upon the specific language of the contract" (Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689 [internal quotation marks omitted]; see O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645). "'The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances'" (Burgos v 14 E. 44 St., LLC, 203 AD3d at 689, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930). "A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Burgos v 14 E. 44 St., LLC, 203 AD3d at 689; see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 558). "This may be accomplished by showing that, under the circumstances, an indemnification clause in a contract between the parties either was not triggered or was otherwise inapplicable" (Burgos v 14 E. 44 St., LLC, 203 AD3d at 689; see Tolpa v One Astoria Sq., LLC, 125 AD3d 755, 756).
Under the contract between JASA and the Town, JASA was required to indemnify the Town "[t]o the fullest extent permitted by law . . . from and against any and all liabilities, losses, costs, expenses . . . arising out of or in connection with this Agreement." The phrase "arising out of" means "originating from, incident to, or having connection with, and requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415 [citations and internal quotation marks omitted]; see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38; Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 906). The evidence established that the plaintiff was at her place of work doing her job for JASA when she tripped and fell after plugging in a space heater, as a result, JASA failed to make a prima facie showing that it was not contractually obligated to indemnify the Town.
Contrary to JASA's contention, General Obligations Law § 5-322.1 is inapplicable to this case, as its contract with the Town was unrelated to "the construction, alteration, repair or maintenance of a building" (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959).
Accordingly, the Supreme Court properly denied that branch of JASA's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court