Dow v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 01795)

Dow v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 01795

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-09032
 (Index No. 10570/14)

[*1]Brenda Dow, plaintiff, 
v
Consolidated Edison Company of New York, Inc., defendant third-party plaintiff-appellant; D'Onofrio General Contractors Corp., third-party defendant-respondent.

Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for defendant third-party plaintiff-appellant.
Kiernan Trebach LLP, Garden City, NY (Gail L. Rizert of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, entered October 30, 2020. The clerk's judgment, insofar as appealed from, upon an order of the same court (Reginald A. Boddie, J.) dated July 31, 2020, inter alia, granting that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification, is in favor of the third-party defendant and against the defendant third-party plaintiff dismissing the third-party cause of action for contractual indemnification.
ORDERED that the clerk's judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification is denied, that third-party cause of action is reinstated, and the order dated July 31, 2020, is modified accordingly.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on a patch of ice on a walkway near a steam plant owned by the defendant third-party plaintiff, Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). Con Ed then commenced a third-party action against the third-party defendant, D'Onofrio General Contractors Corp. (hereinafter D'Onofrio), the company Con Ed contracted with to perform snow and ice removal services.
D'Onofrio moved for summary judgment dismissing the third-party complaint. In an order dated July 31, 2020, the Supreme Court, among other things, granted that branch of D'Onofrio's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. A clerk's judgment was thereafter entered on October 30, 2020, inter alia, dismissing that third-party cause of action. Con Ed appeals.
The Supreme Court erred in granting that branch of D'Onofrio's motion which was [*2]for summary judgment dismissing the third-party cause of action for contractual indemnification. "A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689; see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 970). "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 782; see Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791). Here, D'Onofrio failed to establish, prima facie, that the plaintiff's accident was not "resulting, in whole or in part, from, or connected with, the performance of the Purchase Order" such that the indemnification clause in the parties' service contract was not triggered (see English v Wainco Goshen 1031, LLC, 218 AD3d 444, 445; Stevenson v Red Roof Inns, Inc., 213 AD3d 1228, 1229; Burgos v 14 E. 44 St., LLC, 203 AD3d at 689; Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752). Based on D'Onofrio's failure to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification, the court should have denied that branch of D'Onofrio's motion without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
CHAMBERS, J.P., VOUTSINAS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court