Zeno v Carco Bldrs. Corp. (2026 NY Slip Op 01556)

Zeno v Carco Bldrs. Corp.

2026 NY Slip Op 01556

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-10918
 (Index No. 9156/14)

[*1]Robert Zeno, plaintiff-respondent, 
vCarco Builders Corporation, et al., defendants third-party plaintiffs-appellants, et al., defendant; Arthur Gordon Associates, Inc., etc., third-party defendant-respondent.

Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for defendants third-party plaintiffs-appellants.
Shahab Katirachi, New York, NY (Daniel J. Murphy of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated August 8, 2024. The order granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint and denied the motion of the defendants third-party plaintiffs for summary judgment on the third-party cause of action for contractual indemnification and dismissing the complaint insofar as asserted against the defendant third-party plaintiff Carco Builders Corporation.
ORDERED that the order is affirmed, with costs payable to the third-party defendant.
The defendant third-party plaintiff 110 Morgan Ave. Realty Corp. (hereinafter Morgan) is the holder of a triple net lease to a property located in Brooklyn. The property contained a large commercial warehouse, which was leased to three separate tenants, one of whom was the third-party defendant, Arthur Gordon Associates, Inc. (hereinafter the tenant). The plaintiff, an employee of another tenant of the property, allegedly sustained personal injuries when he tripped and fell as a result of a pothole in a parking lot of the property, a common area of the property. The pothole was located several feet from a loading dock that was used exclusively by the tenant. The defendant third-party plaintiff Carco Builders Corporation (hereinafter Carco) has an owner in common with Morgan.
The plaintiff commenced this action to recover damages for personal injuries against, among others, Morgan and Carco (hereinafter together the landlords). Thereafter, the landlords commenced a third-party action against the tenant, asserting, inter alia, causes of action for common-law and contractual indemnification. After the completion of discovery, the tenant moved for summary judgment dismissing the third-party complaint. The landlords moved for summary judgment on the third-party cause of action for contractual indemnification and dismissing the complaint insofar as asserted against Carco. In an order dated August 8, 2024, the Supreme Court granted the tenant's motion and denied the landlords' motion. The landlords appeal.
"The duty to maintain property free and clear of dangerous or defective conditions generally arises from ownership, occupancy, control or special use of the premises. Thus, where none of these factors is present, a party cannot be held liable for injuries caused by a dangerous or a defective condition" (Kennedy v Hennessey, 211 AD3d 833, 833 [alteration, citations, and internal quotation marks omitted]; see Suero-Sosa v Cardona, 112 AD3d 706, 707; Schwalb v Kulaski, 29 AD3d 563, 564). "A party's right to contractual indemnification depends upon the specific language of the relevant contract" (McNamara v Gusmar Enters., LLC, 204 AD3d 779, 783 [internal quotation marks omitted]; see Petersen v Miller Auto Parts, Inc., 151 AD3d 893, 895; Campisi v Gambar Food Corp., 130 AD3d 854, 855). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (McNamara v Gusmar Enters., LLC, 204 AD3d at 783 [internal quotation marks omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492; Alayev v Juster Assoc., LLC, 122 AD3d 886, 887). "A contractual indemnity provision 'must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed'" (Hanna v Milazzo, 179 AD3d 907, 909, quoting Hooper Assoc. v AGS Computers, 74 NY2d at 491). "[W]here, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement" (Bilska v Truszkowski, 171 AD3d 685, 687 [internal quotation marks omitted]; see Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556).
The Supreme Court properly granted the tenant's motion for summary judgment dismissing the third-party complaint. The tenant met its prima facie burden by submitting the lease and subsequent riders, as well a transcript of the deposition testimony of the plaintiff, the president of the tenant, and of the owner of Morgan and part owner of Carco. The tenant established that under the lease between the landlords and the tenant, the tenant owed no duty to maintain or repair the parking lot, a common area of the property. Rather, the lease and rider established that the tenant's obligation was limited to keeping the area "broom clean." The record demonstrated that the tenant did not have exclusive control of the area and did not create the defect (see Armstead v 123 Frost Assoc., L.P., 237 AD3d 1151, 1152; Mesoraca v Parking Servs. Plus, Inc., 231 AD3d 1145, 1146).
The tenant further established that, under the circumstances of this case, the lease did not obligate the tenant to indemnify the landlords. The specific language of the indemnity clauses in the lease and rider required that the accident "gr[ew] out of the tenant's occupation of the demised premises" or was "connected or related to the Tenant's acts or occupation of the Demised Premises." Here, the plaintiff tripped in a pothole in the parking lot, a common area of the property over which the tenant had no control or obligation to maintain (see Errazuri v E Food Supermarket, Inc., 228 AD3d 732, 735; McNamara v Gusmar Enters., LLC, 204 AD3d at 783; Alayev v Juster Assoc., LLC, 122 AD3d at 888). In opposition to the tenant's motion, the landlords failed to raise a triable issue of fact.
For these same reasons, the Supreme Court properly denied that branch of the landlords' motion which was for summary judgment on the third-party cause of action for contractual indemnification. Although it is undisputed that Article 51 of the lease includes an enforceable indemnity provision (see General Obligations Law § 5-321), here the landlords failed to establish that the pothole was "connected or related to the tenant's acts or occupation of the Demised Premises." The landlords' submission failed to support their assertion that the pothole was not located in a common area, but rather, was under the exclusive control of the tenant.
Further, the landlords failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Carco, as they failed to eliminate triable issues of fact regarding the extent to which Carco was involved in maintaining the property. As the landlords failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied that branch of the landlords' motion which was for summary judgment dismissing the complaint insofar as asserted [*2]against Carco.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court