Jamieson v Noble Constr. Group, LLC

2026 NY Slip Op 02634

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Clifford Jamieson, plaintiff,

v

Noble Construction Group, LLC, et al., respondents-appellants; Monolithic Contracting, Inc., third-party defendant- appellant-respondent, Lippolis Electric, Inc., third-party defendant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-07113, (Index No. 516445/17)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Phillip Hom

Elena Goldberg Velazquez, JJ.

Gorton & Gorton, LLP, Garden City, NY (Thomas P. Gorton of counsel), for third-party defendant-appellant-respondent.

Coffey Modica O'Meara Capowski, LLP, White Plains, NY (Colleen Hastie, John F. Watkins, Patricia A. Mooney, and Joohyun Kim of counsel), for respondents-appellants.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Russell J. McBrearty of counsel), for third-party defendant-respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the third-party defendant Monolithic Contracting, Inc., appeals, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 30, 2021. The order, insofar as appealed from, denied that branch of the cross-motion of the third-party defendant Monolithic Contracting, Inc., which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants third-party plaintiffs which were for summary judgment on their third-party causes of action for contractual indemnification, common-law indemnification, and breach of contract asserted against the third-party defendant Monolithic Contracting, Inc., and for contractual indemnification asserted against the third-party defendant Lippolis Electric, Inc, and granted that branch of the motion of the third-party defendant Lippolis Electric, Inc., which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it.

ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the third-party defendant Lippolis Electric, Inc., which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it, and substituting therefor a provision denying that branch of that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff allegedly was injured while working on a construction site, when vertical safety netting installed around the perimeter of a building under construction, on the edge of the first floor, gave way at the top and the bottom, causing him to fall. The plaintiff commenced this action [*2]against the defendants third-party plaintiffs, the construction manager for the project and the owner and tenants of the building (hereinafter collectively the defendants), alleging negligence and violations of Labor Law §§ 200, 240, and 241(6). The defendants commenced a third-party action against the third-party defendants Monolithic Contracting, Inc. (hereinafter Monolithic), a subcontractor which allegedly installed the netting, and Lippolis Electric, Inc. (hereinafter Lippolis), which was an electrical subcontractor and the plaintiff's employer. The third-party complaint, inter alia, asserted causes of action for contractual and common-law indemnification and to recover damages for breach of contract for failure to procure insurance against Monolithic, and for contractual indemnification against Lippolis. Lippolis moved, among other things, for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it. The defendants moved, inter alia, for summary judgment on their third-party causes of action for contractual and common-law indemnification and to recover damages for breach of contract asserted against Monolithic, and for contractual indemnification asserted against Lippolis. Monolithic cross-moved, among other things, for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it. In an order dated August 30, 2021, the Supreme Court, inter alia, granted that branch of Lippolis's motion, denied those branches of the defendants' motion, and denied that branch of Monolithic's cross-motion. Monolithic appeals, and the defendants cross-appeal.

The Supreme Court erred in granting that branch of Lippolis's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it. "A party [moving] for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Garcia v Fed LI, LLC, 239 AD3d 942, 946 [internal quotation marks omitted]). "This may be accomplished by showing that, under the circumstances, an indemnification clause in the contract between the parties either was not triggered or was otherwise inapplicable" (Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689; see Selis v Town of N. Hempstead, 213 AD3d 878, 880). Here, Lippolis failed to demonstrate that the plaintiff's injuries did not arise out of his work with Lippolis and thus failed to establish, prima facie, that the indemnification clause in the contract between the parties either was not triggered or was otherwise inapplicable (see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38).

"[A] party seeking contractual indemnification [pursuant to a contract subject to General Obligations Law 5-322.1] must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 981 [internal quotation marks omitted]; see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 855). The Supreme Court properly denied those branches of the defendants' motion which were for summary judgment on their third-party causes of action for contractual indemnification asserted against Monolithic and Lippolis, as the defendants failed to establish that they were free from negligence. The defendants failed to demonstrate that they lacked authority to exercise supervisory control over the plaintiff's or Monolithic's work that allegedly caused the plaintiff's injuries (see Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 774; cf. Cedillo v Nautilus Realty Ltd. Partnership, 219 AD3d 1300, 1302).

The Supreme Court properly denied that branch of Monolithic's cross-motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it. Monolithic failed to establish that the plaintiff's accident did not arise out of its work, as it is undisputed that Monolithic was responsible for installing the perimeter netting for protection from falling debris (see Dow v Consolidated Edison Co. of N.Y., Inc., 226 AD3d 648, 649). There remains an issue of fact as to whether Monolithic properly installed the netting to provide sufficient fall protection for people and for debris.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on their third-party cause of action for common-law indemnification asserted against Monolithic. "In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident, or, in the absence of any negligence, that the indemnitor had the authority [*3]to direct, supervise, and control the work giving rise to the injury" (Zong Wang Yang v City of New York, 207 AD3d 791, 796 [internal quotation marks omitted]; see Crutch v 421 Kent Dev., LLC, 192 AD3d at 981). The defendants failed to establish, prima facie, that they were not responsible for the supervision and control of the methods of Monolithic's work on the netting installation, which allegedly caused the plaintiff's injuries (see Caban v Plaza Constr. Corp., 153 AD3d 488, 490).

The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment on their third-party cause of action alleging breach of contract for failure to procure insurance asserted against Monolithic. "A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 629 [internal quotation marks omitted]; see Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 571). The defendants failed to submit any evidence to establish that Monolithic did not comply with its obligation to procure insurance naming Noble Construction Group, LLC, as an additional insured (see Breland-Marrow v RXR Realty, LLC, 208 AD3d at 629).

CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court