■ ANTOINE PIERRE, Respondent, v CROWN FIRE PROTECTION CORP. et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent-Appellant. [658 NYS2d 119] —In an action to recover damages for wrongful death, (1) the defendant third-party plaintiff, Crown Fire Protection Corp., appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 28, 1995, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant second third-party plaintiff, PEM All Fire Extinguisher Corp., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it. The first and second third-party defendant, New York City Transit Authority, cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the first and second third-party complaints.

Ordered that the appeals of Crown Fire Protection Corp. and PEM All Fire Extinguisher Corp. are dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion of the New York City Transit Authority which was for summary judgment dismissing the third-party complaint of Crown Fire Protection Corp. and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from, without costs or disbursements.

We conclude that the New York City Transit Authority (hereinafter the Transit Authority) is entitled to summary judgment dismissing the third-party complaint of Crown Fire Protection Corp. (hereinafter Crown). Crown claims that the indemnification clause, upon which the Transit Authority relies, is violative of General Obligations Law § 5-322.1. That section among other things prohibits owners from gaining indemnification for their own negligence based on contracts relative to the "construction, alteration, repair or maintenance" of buildings, structures, appurtenances, and appliances. The Transit Authority points out, and we agree, that the work performed by Crown involved delivery and mere installation of the subject fire extinguisher devices and, therefore, does not fall within the categories described in the above-quoted statute (see, Auburn Steel Co. v Westinghouse Elec. Corp., 158 AD2d 938; Failla v A. F. A. Protective Sys., 139 AD2d 693).

However, the indemnification provision which is contained in the contract between Crown and the Transit Authority does not operate to preclude PEM All Fire Extinguisher Corp. from bringing a third-party action against the Transit Authority.

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third-parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (see, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; Morales v Gross, 230 AD2d 7). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.