■ DIANA HOLUB, Appellant-Respondent, v PATHMARK STORES, INC., Respondent, and PMM, INC., et al., Respondents-Appellants. [887 NYS2d 215]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered May 1, 2008, as granted that branch of the cross motion of the defendant Pathmark Stores, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, (2) the defendant PMM, Inc., cross-appeals, as limited by its brief, from so much of the same order as granted those branches of the cross motion of the defendant Pathmark Stores, Inc., which were for summary judgment dismissing the complaint insofar as asserted against that defendant and for summary judgment on that defendant's cross claims against it for common-law and contractual indemnification, denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim against the defendant Seven Pines Cleaning Services, Inc., for contractual indemnification, and (3) the defendant Seven Pines Cleaning Services, Inc., separately cross-appeals, as limited by its brief, from so much of the same order as granted those branches of the cross motion of the defendant Pathmark Stores, Inc., which were for summary judgment dismissing the complaint insofar as asserted against that defendant and for summary judgment on that defendant's cross claims against it for common-law and contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendant Pathmark Stores, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claims against the defendants PMM, Inc., and Seven Pines Cleaning Services, Inc., for common-law indemnification and against Seven Pines

Cleaning Services, Inc., for contractual indemnification, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Curtis v Dayton Beach Park No. 1 Corp.,* 23 AD3d 511, 512 [2005]; *see Braudy v Best Buy Co., Inc.,* 63 AD3d 1092 [2009]; *Marshall v Jeffrey Mgt. Corp.,* 35 AD3d 399, 400 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Stumacher v Waldbaum, Inc.,* 274 AD2d 572, 573 [2000]). To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time the plaintiff fell (*see Braudy v Best Buy Co., Inc.,* 63 AD3d 1092 [2009]; *Birnbaum v New York Racing Assn., Inc.,* 57 AD3d 598, 598-599 [2008]; *Porco v Marshalls Dept. Stores,* 30 AD3d 284, 284-285 [2006]). The defendant Pathmark Stores, Inc. (hereinafter Pathmark), failed to sustain its burden. Therefore, the Supreme Court erred in granting that branch of Pathmark's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court also erred in granting those branches of Pathmark's cross motion which were for summary judgment on its cross claims against the defendants PMM, Inc. (hereinafter PMM), and Seven Pines Cleaning Services, Inc. (hereinafter Seven Pines), for common-law indemnification and against Seven Pines for contractual indemnification. Pathmark failed to make the requisite showing that employees of PMM or Seven Pines were negligent in causing the plaintiff's injuries but that its own employees were not (*see George v Marshalls of MA, Inc.,* 61 AD3d 925, 930 [2009]; *Bryde v CVS Pharmacy,* 61 AD3d 907, 909 [2009]; *Amit v Hineni Heritage Ctr.,* 49 AD3d 574, 575 [2008]). Moreover, Pathmark is not entitled to contractual indemnification from Seven Pines, as it is undisputed that there was no contract between Pathmark and Seven Pines with respect to the work at issue herein.

However, the Supreme Court properly granted that branch of Pathmark's cross motion which was for summary judgment on its cross claim against PMM for contractual indemnification. The right to contractual indemnification depends upon the specific language of the contract (*see George v Marshalls of MA,*

*Inc.,* 61 AD3d at 930; *Canela v TLH 140 Perry St., LLC,* 47 AD3d 743, 744 [2008]). Pathmark's service contract with PMM provided that PMM was required to indemnify Pathmark with respect to all services rendered or work performed by PMM or by a subcontractor of PMM, unless the injury or damage at issue was the result of Pathmark's sole negligence. Pathmark demonstrated its prima facie entitlement to judgment as a matter of law on its contractual indemnification cross claim against PMM by presenting evidence that the plaintiff's injuries arose from floor-cleaning activities performed by PMM or by Seven Pines, PMM's subcontractor, and that Pathmark's own employees were not *solely* responsible for causing the plaintiff's fall. In opposition, PMM failed to raise a triable issue of fact.

The Supreme Court properly denied those branches of PMM's motion which were for summary judgment dismissing the complaint insofar as asserted against it. Contrary to PMM's contention, the record contains sufficient evidence to establish the existence of the dangerous condition which the plaintiff alleges caused her fall. Moreover, PMM failed to demonstrate its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the hazardous condition that caused the plaintiff's fall or have actual or constructive notice thereof. Accordingly, the sufficiency of the opposing papers on the issue of PMM's liability need not be considered (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409, 410 [2004]).

The Supreme Court also properly denied that branch of PMM's motion which was for summary judgment on its cross claim against Seven Pines for contractual indemnification. Pursuant to the indemnification provision of PMM's subcontract with Seven Pines, Seven Pines was required to indemnify PMM with respect to claims arising out of work performed pursuant to the subcontract when Seven Pines was negligent in the performance of its work under the subcontract. In response to PMM's prima facie showing, Seven Pines raised triable issues of fact as to whether its employees actually performed the work at issue.

To the extent that PMM raises an issue concerning that branch of its motion which was for summary judgment on its cross claim against Seven Pines for failure to procure insurance, that branch of PMM's motion was not addressed by the Supreme Court. Therefore, it remains pending and undecided and any issue with respect thereto is not properly before this Court (*see George v Marshalls of MA, Inc.,* 61 AD3d at 931; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

Similarly, to the extent that Seven Pines raises an issue concerning an undecided application, such application was not addressed in the order appealed from, and thus, any issue with respect thereto is not properly before this Court (*see George v Marshalls of MA, Inc.,* 61 AD3d at 931; *Katz v Katz,* 68 AD2d at 542-543). Skelos, J.P., Santucci, Belen and Hall, JJ., concur.