# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1363**
**CA 12-00459**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

JANNETTE MORALES, PLAINTIFF,

V                                                    MEMORANDUM AND ORDER

ASARESE MATTERS COMMUNITY CENTER, ET AL.,
DEFENDANTS,
CITY OF BUFFALO PARKS AND RECREATION
DEPARTMENT, CITY OF BUFFALO,
DEFENDANTS-RESPONDENTS,
AND COUNTY OF ERIE, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (BEVERLEY S. BRAUN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

HODGSON RUSS LLP, BUFFALO (HUGH M. RUSS, III, OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 9, 2012. The order, insofar as appealed from, granted that part of the motion of defendants City of Buffalo Parks and Recreation Department and City of Buffalo for summary judgment dismissing the cross claims of defendant County of Erie.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendants City of Buffalo Parks and Recreation Department and City of Buffalo seeking summary judgment dismissing defendant County of Erie's cross claim for contractual indemnification and reinstating that cross claim, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a near-drowning incident at a pool owned by defendant City of Buffalo (City), which was located in one of the City's parks. At the time of the incident, the City and defendant County of Erie (County) were parties to an agreement pursuant to which the County agreed to operate and manage the City's parklands (contract). The County asserted two cross claims in its answer, including a cross claim for contractual indemnification against the City based on an indemnification provision contained in the contract. In appeal No. 1, the County appeals from an order insofar as it denied that part of the County's motion for summary judgment on the cross claim for contractual indemnification. In appeal No. 2, as limited by

its brief, the County appeals from an order insofar as it granted that part of the motion of the City and defendant City of Buffalo Parks and Recreation Department (City defendants) for summary judgment dismissing the County's cross claim for contractual indemnification.

The County contends that Supreme Court erred in denying its motion and granting the City defendants' motion with respect to the cross claim for contractual indemnification because the contract unambiguously provides that the City is required to indemnify it against any claims, including those based upon the County's negligence.  In order to establish entitlement to summary judgment in a case involving the interpretation of a contract, a party "has the burden of establishing that the construction it favors is the only construction which can fairly be placed thereon" (*Arrow Communication Labs. v Pico Prods.*, 206 AD2d 922, 923 [internal quotation marks omitted]; *see Kibler v Gillard Constr. Inc.*, 53 AD3d 1040, 1042).  We conclude that, in this case, both the County and the City failed to establish that their own construction is the only reasonable construction of the contract and that, instead, there is an ambiguity whether the indemnification provision requires the City to indemnify the County against claims based upon the County's alleged acts of negligence.  Because the " 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence,' the issue is one of fact for the trier of fact and cannot be resolved as a matter of law" (*Brinson v Kulback's & Assoc.*, 296 AD2d 850, 852, quoting *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).  Thus, in appeal No. 1, we conclude that the court properly denied that part of the County's motion for summary judgment with respect to its cross claim for contractual indemnification.  In appeal No. 2, however, we agree with the County that the court erred in granting that part of the City defendants' motion seeking summary judgment dismissing the County's cross claim for contractual indemnification, and we therefore modify the order accordingly.

The City defendants contend, as an alternative ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), that General Obligations Law § 5-322.1 (1) renders the indemnification provision unenforceable.  We reject that contention.  General Obligations Law § 5-322.1 (1) is inapplicable to this case inasmuch as the County's agreement to staff lifeguards at the pool is unrelated to "the construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances" (*id.; see generally Pierre v Crown Fire Protection Corp.*, 240 AD2d 386, 387; *Pieri v Forest City Enters.*, 238 AD2d 911, 912-913).  Moreover, "[i]n considering the legislative purpose behind General Obligations Law § 5-322.1, it is apparent that the Legislature did not intend to preclude agreements like the subject agreement made between sophisticated business entities free to agree to any terms they choose" (*Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207, 1211; *see generally Fisher v Biderman*, 154 AD2d 155, 161-162, *lv denied* 76 NY2d 702).