Skerrett v LIC Site B2 Owner, LLC (2021 NY Slip Op 06386)





Skerrett v LIC Site B2 Owner, LLC


2021 NY Slip Op 06386


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-05365
 (Index No. 710014/15)

[*1]Richard Skerrett, plaintiff-appellant, 
v
LIC Site B2 Owner, LLC, et al., defendants third-party plaintiffs-respondents; ABM Janitorial Services Northeast, Inc., third-party defendant-appellant.


Taubman, Kimelman & Soroka, LLP, New York, NY (Antonette M. Milcetic of counsel), for plaintiff-appellant.
McGiff Halverson Dooley LLP, Patchogue, NY (Stephen J. McGiff of counsel), for third-party defendant-appellant.
Cozen O'Connor, New York, NY (Amanda L. Nelson and Vincent P. Pozzuto of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the third-party defendant separately appeals, from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), dated March 20, 2019. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion for leave to amend his bill of particulars. The order, insofar as appealed from by the third-party defendant, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is reversed insofar as appealed from by the plaintiff, on the law and in the exercise of discretion, that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint is denied, and the plaintiff's cross motion for leave to amend his bill of particulars is denied on the merits; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the third-party defendant; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff, payable by the third-party defendant.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained when he slipped and fell on a wet loading dock platform at a building owned and managed by the defendants. At the time of the accident, the plaintiff, a UPS driver, was in the process of making a delivery to the premises. The plaintiff alleged that the accident occurred "as a result of the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, [*2]in the ownership, maintenance, management, control, inspection, cleaning, repair and operation of the . . . premises." The defendants answered the complaint and commenced a third-party action for, inter alia, contractual and common-law indemnification against ABM Janitorial Services Northeast, Inc. (hereinafter ABM), a contractor responsible, inter alia, for cleaning the building, including the loading dock area. ABM's agreement required it to "keep [the] loading dock clean and free of hazards" and required ABM's porters to, among other things, "[p]olice . . . the loading dock area[ ]." In the agreement, ABM agreed to indemnify the defendants, to the fullest extent permitted by law, "from and against all liability, claims, damages, losses and expenses, including, without limitation, reasonable legal fees and court costs, arising out of or alleged to arise out of the negligence or willful misconduct of [ABM], its agents and/or employees or a breach of any of the terms of this Agreement by [ABM]."
The defendants moved for summary judgment dismissing the complaint and on their third-party causes of action sounding in contractual and common-law indemnification. The plaintiff cross-moved for leave to amend his bill of particulars to add a claim that the defendants had actual notice of a recurring condition that trucks entering the loading dock would bring in precipitation that would accumulate on the dock. In an order dated March 20, 2019, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their contractual indemnification cause of action against ABM. The court denied, as academic, the plaintiff's cross motion for leave to amend his bill of particulars. The plaintiff and ABM separately appeal.
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. "In a premises liability case, a defendant real property owner or a party in possession or control of real property that moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937). "A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Fortune v W. Beef, Inc., 178 AD3d 671, 672; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d at 938; see Radosta v Schechter, 171 AD3d 1112, 1113). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d at 938 [internal quotation marks omitted]; see Griffin v PMV Realty, LLC, 181 AD3d 912, 913).
The defendants failed to establish, prima facie, that they did not have constructive notice of the allegedly dangerous condition in that they failed to offer evidence as to when the loading dock was last cleaned or inspected before the plaintiff's fall. A security guard hired by the defendants testified that, while he would typically perform a "security walk around" twice every 30 to 60 minutes, on the day of the accident, he did not pay attention to the area where the plaintiff later fell. Further, the testimony of witnesses employed by the defendants and ABM as to general cleaning and inspection procedures for the loading dock area was insufficient to establish lack of constructive notice (see Steele v Samaritan Found., Inc., 176 AD3d 998, 999-1000; Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Lombardo v Kimco Cent. Islip Venture, LLC, 153 AD3d 1340, 1341). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint should have been denied, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the defendants established their entitlement to judgment as a matter of law on their third-party cause of action for contractual indemnification. "The right to contractual indemnification depends upon the specific language of the contract" (Holub v Pathmark Stores, Inc., 66 AD3d 741, 742). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see [*3]Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492; George v Marshalls of MA, Inc., 61 AD3d 925, 930). Here, the defendants established, prima facie, that the plaintiff's allegations fell within the broad indemnification provision of the service contract, which encompassed even those claims which were "alleged to arise" out of ABM's negligence. At the time of the accident, ABM was contractually responsible for cleaning and policing the loading dock area (see Sand v City of New York, 83 AD3d 923).
Contrary to ABM's contentions, General Obligations Law § 5-322.1(1) is inapplicable to this case, as ABM's agreement to provide cleaning services is unrelated to "the construction, alteration, repair or maintenance of a building" (id.; see ZRAJ Olean, LLC v Erie Ins. Co. of N.Y., 134 AD3d 1557, 1560; Morales v Asarese Matters Community Ctr., 103 AD3d 1262, 1264; Goll v American Broadcasting Cos., Inc., 10 AD3d 672, 674; Pierre v Crown Fire Protection Corp., 240 AD2d 386, 387; Pieri v Forest City Enters., 238 AD2d 911, 913). "[General Obligations Law § 5-322.1] was enacted in 1975 to prevent a practice prevalent in the construction industry of requiring contractors and subcontractors to assume liability by contract for the negligence of others" (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179-180; see Westport Ins. Co. v Altertec Energy Conservation, LLC, 82 AD3d 1207, 1210-1211), "thereby increasing their insurance costs and thus the costs of construction" (Quevedo v City of New York, 56 NY2d 150, 156; see Mem of Assembly Member Thomas W. Brown, Bill Jacket, L 1975, ch 408 at 7-8, 1975 Legis Ann at 311). In considering this legislative purpose, it is apparent that the term "maintenance" in General Obligations Law § 5-322.1 was intended to mean services related to maintaining the integrity of the building and the functioning of its appliances (see Quevedo v City of New York, 56 NY2d at 155-156), and not routine maintenance and cleaning (see generally Gavin v Long Is. Light. Co., 255 AD2d 551, 552; Edwards v Twenty-Four Twenty-Six Main St. Assoc., 195 AD2d 592, 593).
In opposition, ABM failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment on their contractual indemnification cause of action against ABM.
Contrary to the plaintiff's contention, he was not entitled to leave to amend his bill of particulars. "[O]nce discovery has been completed and the case has been certified as ready for trial, [a] party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Cioffi v S.M. Foods, Inc., 178 AD3d 1015, 1016 [internal quotation marks omitted]; see Anonymous v Gleason, 175 AD3d 614, 617). "'[L]eave to amend a bill of particulars may properly be granted, even after the note of issue has been filed, where the plaintiff makes a showing of merit, and the amendment involves no new factual allegations, raises no new theories of liability, and causes no prejudice to the defendant'" (Cioffi v S.M. Foods, Inc., 178 AD3d at 1016, quoting Ortiz v Chendrasekhar, 154 AD3d 867, 869).
Here, the plaintiff sought leave to amend his bill of particulars after the note of issue was filed to include new factual allegations raising a new theory of liability. The plaintiff failed to show that his proposed amendment of the bill of particulars would not prejudice the defendants (see Cioffi v S.M. Foods, Inc., 178 AD3d at 1016; Anonymous v Gleason, 175 AD3d at 617-618). Accordingly, the plaintiff's cross motion for leave to amend his bill of particulars should have been denied on the merits.
The defendants' remaining contention is not properly before this Court.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court