English v Wainco Goshen 1031, LLC (2023 NY Slip Op 03682)

English v Wainco Goshen 1031, LLC

2023 NY Slip Op 03682

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06037
 (Index No. 9426/18)

[*1]Susan English, plaintiff, 
v
Wainco Goshen 1031, LLC, respondent, Kimieck Landscaping, Inc., appellant.

Braff, Harris, Sukoneck & Maloof, New York, NY (Keith Harris of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Timothy G. McNamara of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kimieck Landscaping, Inc., appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated July 23, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the cross-claims asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she slipped and fell on ice on exterior stairs of the housing complex where she resided. The premises was owned by the defendant Wainco Goshen 1031, LLC (hereinafter the owner). The owner contracted with the defendant Kimieck Landscaping, Inc. (hereinafter Kimieck), to provide snow removal services for the complex.
The plaintiff commenced this action against the owner and Kimieck to recover damages for personal injuries. The owner asserted cross-claims against Kimieck for contribution, common-law indemnification, and contractual indemnification. After the completion of discovery, Kimieck moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated July 23, 2020, the Supreme Court granted that branch of Kimieck's motion which was for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of its motion which was for summary judgment dismissing the cross-claims asserted against it. Kimieck appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the cross-claims asserted against it.
In order to demonstrate its entitlement to summary judgment dismissing the cross-claim for contribution, Kimieck was required to demonstrate, prima facie, not only that it owed no duty to the plaintiff, but that it owed no duty of reasonable care to the owner, independent of its contractual obligations to that party (see Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1281; Foster v Herbert Slepoy Corp., 76 AD3d 210, 216). To obtain summary judgment dismissing the cross-claim for common-law indemnification, Kimieck was required to show, prima facie, that the owner's liability, if any, would be based on the owner's actual wrongdoing, and not on vicarious liability for Kimieck's conduct (see Hamed v City of New York, 186 AD3d 677, 679; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 957). Finally, to obtain [*2]summary judgment dismissing the contractual indemnification cross-claim, Kimieck was required to demonstrate, prima facie, that the indemnification provision of the snow removal contract was not triggered (see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 782) or was unenforceable (see General Obligations Law § 5-322; Bleich v Metro. Mgt., LLC, 132 AD3d 933, 934).
Kimieck did not make any of these showings, but instead, relied solely upon its showing that it had no duty to the plaintiff to support its entitlement to summary judgment dismissing the cross-claims. The Supreme Court properly determined that Kimieck's showing that it lacked any duty to the plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140) was insufficient, on its own, to satisfy its prima facie burden as to the cross-claims.
On appeal, Kimieck makes additional arguments pertaining to the cross-claims. However, these contentions, raised for the first time on appeal, are not properly before this Court (see Kreutzberg v Law Offs. of John Riconda, P.C., 210 AD3d 884, 885; Wells Fargo Bank v Islam, 174 AD3d 670, 671). While this Court may reach newly raised arguments that present issues of law that appear on the face of the record and could not have been avoided had they been raised at the proper juncture (see I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 963), only Kimieck's contention that the indemnification provision of the snow removal contract is unenforceable pursuant to General Obligations Law § 5-322.1 qualifies for that exception. Since the alternative indemnification provision in the contract does not purport to indemnify the owner for its own negligence, the provision is not unenforceable pursuant to General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210-211; Zong Wang Yang v City of New York, 207 AD3d 791, 797).
Accordingly, the Supreme Court properly denied that branch of Kimieck's motion which was for summary judgment dismissing the cross-claims asserted against it.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER: 
Maria T. Fasulo
Clerk of the Court