Malerba v New York City Tr. Auth. (2025 NY Slip Op 01870)

Malerba v New York City Tr. Auth.

2025 NY Slip Op 01870

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 113520/09 590461/12|Appeal No. 4002|Case No. 2023-05717|

[*1]Peter Malerba et al., Plaintiffs-Respondents,
v
New York City Transit Authority, et al., Defendants-Appellants, Ansul Incorporated, et al., Defendants, E.A. Technologies/Petrocelli, et al., Defendants-Respondents.
Tyco Fire Products, LLC, Initially Sued Herein as Ansul Incorporated, et al., Third-Party Plaintiffs,
v
Ameron Global, Inc., Doing Business as Ameron Global Product Support, Third-Party Defendant-Respondent.

Cullen and Dykman LLP, New York (Patrick M. Caruana of counsel), for appellants.
Weitz & Luxenberg, PC, New York (Meredith Abrams of counsel), for Peter Malerba, respondent.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for E.A. Technologies/Petrocelli and E.A. Technologies/Petrocelli, J.V., LLC, respondents.
London Fischer LLP, New York (Alissa Katz of counsel), for Ameron Global, Inc., respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered June 30, 2023, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' (NYCTA and MTA) motion to strike plaintiffs' supplemental bill of particulars, dated May 10, 2022, and for summary judgment on their cross-claim for contractual indemnification against defendant E.A. Technologies/Petrocelli, J.V., LLC (JV), unanimously modified, on the law, to grant the motion to strike so much of the 2022 bill of particulars as alleges new theories of liability premised on conspiracy and negligence in the bidding and contractor selection process, and to grant defendants conditional summary judgment on their claims for contractual indemnification against JV, and otherwise affirmed, without costs.
Plaintiff was servicing a fire suppression tank that was removed from a subway booth in NYCTA's subway system and brought to his employer's service/repair facility when the tank suddenly activated, releasing its pressurized contents and injuring plaintiff. Plaintiffs' complaint and original bill of particulars alleged that defendants were negligent in their responsibilities to, among other things, train as to the service and repair of the fire suppression tank, warn of the potential hazards associated with handling the tanks, and properly safeguard the fire suppression tanks from accidental activation. Plaintiffs' original bill of particulars also alleged that defendants violated "numerous and various statutes, codes, regulations, rules and/or customs," but stated that "[t]he exact violations are presently unknown as discovery has yet to be completed." In 2022, twelve years after commencing the action, and one day prior to filing the note of issue, plaintiffs served the contested bill of particulars (the 2022 bill of particulars). The 2022 bill of particulars, which is labeled "supplemental," asserted violations of specific statutes, codes and rules in paragraph 22, and contained new allegations in paragraph 3 that defendants negligently awarded the contracts for the project to unqualified vendors and entered into a conspiracy to prevent qualified vendors from performing the work.
Defendants' motion to strike plaintiffs' 2022 bill of particulars was improperly denied in its entirety. Pursuant to CPLR 3043(b), a party in a personal injury action may serve a supplemental bill of particulars, "[p]rovided however that no new cause of action may be alleged " The new theories of liability asserted in paragraph 3 of the 2022 bill of particulars that defendants negligently awarded the contracts to unqualified vendors and entered into a conspiracy to prevent qualified vendors from performing the work should have been struck, as the "purpose of a bill of particulars is to amplify pleadings, not add a new theory or cause of action" (Valentine v 2147 Second Ave. LLC, 203 AD3d 531, 532 [1st Dept 2022]). However, defendants' motion was properly denied to the extent it sought to [*2]strike plaintiffs' references to specific statutes, codes, and regulations in paragraph 22 of the 2022 bill of particulars. These references "merely amplify and elaborate upon facts and theories already set forth in the original bill of particulars, [and] raise no new theory of liability" (Orros v Yick Ming Yip Realty, Inc., 258 AD2d 387, 388 [1st Dept 1999]; see also Sagarese v City of New York, 173 AD3d 435, 436 [1st Dept 2019]).
Plaintiffs' argument that the 2022 bill of particulars should be deemed a properly filed amended bill of particulars is raised for the first time on appeal and therefore unpreserved for our review (see Matter of AutoOne Ins. Co. v Negron, 148 AD3d 534, 534 [1st Dept 2017]). Although this Court may review purely legal arguments raised for the first time on appeal, plaintiffs' argument is factual and the record is insufficient for a determination of the issue (see Diarrassouba v Consolidated Edison Co. of N.Y., Inc., 123 AD3d 525, 525 [1st Dept 2014]).
MTA is not entitled to summary judgment against JV on its claim for contractual indemnification. Although the indemnity clause in the servicing contract between NYCTA and JV purports to indemnify MTA for its own negligence, this provision is unenforceable pursuant to General Obligations Law § 5-322.1.
Defendants' argument that General Obligations Law § 5-322.1 does not apply to the servicing contract between NYCTA and JV is without basis. General Obligations Law § 5-322.1(1) applies to contracts "relative to the construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances." Here, although plaintiff was injured while working on a single fire suppression tank in an offsite service building, the contract called for the JV to inspect, install, remove, and convert "complete [fire suppression] systems," as well as provide remedial maintenance for the "745 Halon 1301 Fire extinguishing systems located in subway token booths throughout the New York City Transit System," which is the type of work contemplated by General Obligations Law § 5-322.1 (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959-960 [2d Dept 2021]; cf. Pierre v Crown Fire Protection Corp., 240 AD2d 386, 387 [2d Dept 1997]).
Although MTA is not entitled to summary judgment on its contractual indemnification claim because it cannot be indemnified for its own negligence, Supreme Court should have granted both defendants conditional summary judgment on their contractual indemnification claims because factual issues exist as to whether MTA or NYCTA's negligence contributed to the cause of plaintiff's injury and there is no showing that either MTA or NYCTA may be 100% liable for plaintiff's accident (see Higgins v TST 375 Hudson, L.L.C.,179 AD3d 508, 511 [1st Dept 2020]; Agard v Port Auth. of N.Y. & N.J., 227 AD3d 404, 405 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025