Hernandez v 38-09 Junc. Realty, LLC (2025 NY Slip Op 01914)

Hernandez v 38-09 Junc. Realty, LLC

2025 NY Slip Op 01914

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-05534
 (Index No. 714742/17)

[*1]Zorayda Hernandez, plaintiff-respondent,
v
38-09 Junction Realty, LLC, defendant-respondent, City of New York, et al., appellants, et al., defendants.

Anna J. Ervolina, New York, NY (Timothy J. O'Shaughnessy and Theresa Frame of counsel), for appellant New York City Transit Authority.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and MacKenzie Fillow of counsel), for appellant City of New York.
Asher & Associates, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority and the defendant City of New York separately appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered June 23, 2022. The order, insofar as appealed from by the defendant New York City Transit Authority, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order, insofar as appealed from by the defendant City of New York, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from by the defendant New York City Transit Authority, on the law, and that branch of that defendant's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant City of New York; and it is further,
ORDERED that one bill of costs is awarded to the defendant New York City Transit Authority, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant City of New York.
The plaintiff allegedly was injured in August 2016 when she tripped and fell on a raised tile or brick while walking toward the subway station located at the corner of Junction Boulevard and Roosevelt Avenue in Queens. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants City of New York, New York City Transit Authority (hereinafter NYCTA), and 38-09 Junction Realty, LLC (see Hernandez v 38-09 Junction Realty, LLC, _____ AD3d _____ [Appellate Division Docket No. 2022-05006; [*2]decided herewith]). After the completion of discovery, NYCTA moved, inter alia, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, contending, among other things, that the plaintiff was unable to identify the cause of her fall. Subsequently, the City moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. In an order entered June 23, 2022, the Supreme Court, among other things, denied those branches of the motions. NYCTA and the City separately appeal.
For the reasons set forth in the related appeal (see Hernandez v 38-09 Junction Realty, LLC, _____ AD3d _____), NYCTA established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it by submitting, among other things, transcripts of the plaintiff's deposition testimony and related exhibits which demonstrated that she could not identify the cause of her fall without engaging in speculation (see Barretta v Michaels Stores, Inc., 230 AD3d 1208, 1209). In opposition, the plaintiff failed to raise a triable issue of fact (see Gaither-Angus v Adelphi Univ., 180 AD3d 875, 876; Fortune v Raritan Bldg. Servs. Corp., 175 AD3d 469, 470). Accordingly, the Supreme Court should have granted that branch of NYCTA's motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
The City's sole argument on appeal was not advanced before the Supreme Court in support of that branch of its motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it. As this argument does not present a pure question of law appearing on the face of the record that could not have been avoided if raised at the proper juncture, it is improperly raised for the first time on appeal (see English v Wainco Goshen 1031, LLC, 218 AD3d 444, 445; Matter of Ray v County of Suffolk, 204 AD3d 807, 807). We decline the City's request, made for the first time in its reply brief, to search the record and award summary judgment in its favor.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court