Rottenberg v Alexander Ct. Condominium (2025 NY Slip Op 03751)

Rottenberg v Alexander Ct. Condominium

2025 NY Slip Op 03751

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2021-06264
 (Index No. 15883/14)

[*1]Joel Rottenberg, plaintiff, 
v
Alexander Court Condominium, et al., defendants, 4102 13th Avenue Development, LLC, defendant second third-party plaintiff-respondent; 13th Avenue Supermarket, LLC, second third-party defendant-appellant (and another third-party action).

Schiavetti, Corgan, DiEdwards, Weinberg and Nicholson, LLP, New York, NY (Stephanie Campbell of counsel), for second third-party defendant-appellant.
Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Michael T. Reagan of counsel), for defendant second third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the second third-party defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 19, 2021. The order, insofar as appealed from, granted the defendant second third-party plaintiff's motion for summary judgment on the second third-party cause of action for contractual indemnification and denied that branch of the second third-party defendant's cross-motion which was for leave to amend its answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped and fell on an icy condition on a sidewalk abutting a parking garage, which was owned by the defendant second third-party plaintiff, 4102 13th Avenue Development, LLC (hereinafter 4102 Development). Thereafter, 4102 Development commenced a second third-party action against the second third-party defendant, 13th Avenue Supermarket, LLC (hereinafter the Supermarket), asserting, inter alia, a cause of action for contractual indemnification.
Thereafter, 4102 Development moved for summary judgment on the second third-party cause of action for contractual indemnification. The Supermarket opposed the motion and cross-moved, among other things, for leave to amend its answer to add the statute of frauds as an affirmative defense. In an order dated August 19, 2021, the Supreme Court, inter alia, granted 4102 Development's motion and denied that branch of the Supermarket's cross-motion. The Supermarket appeals.
"The right to contractual indemnification depends upon the specific language of the contract" (Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959 [internal quotation marks omitted]). "The promise to indemnify should not be found unless it can be clearly implied from the [*2]language and purpose of the entire agreement and the surrounding circumstances" (id.). "Upon a party's prima facie showing of entitlement to contractual indemnification, the burden shifts to the party opposing the motion, who must raise a triable issue of fact as to the enforceability of the contractual indemnification clause" (Mejia v Cohn, 188 AD3d 1035, 1038).
Here, 4102 Development established, prima facie, its entitlement to contractual indemnification from the Supermarket pursuant to the terms of a lease for the subject parking garage. In particular, the lease required the tenant of the garage to keep the adjacent sidewalk free from snow and to indemnify 4102 Development against liability, statutory or otherwise, arising from the tenant's use of the property (see Bilska v Truszkowski, 171 AD3d 685, 687-688).
Contrary to the Supermarket's contention, the fact that the Supermarket was not a signatory to the subject lease or a written assignment does not preclude summary judgment in 4102 Development's favor. "A tenant may assume a lease by its actions, even where no written lease is present" (Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141, 147; see Mann v Munch Brewery, 225 NY 189, 193; Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP, 22 AD3d 936, 936). As is the case here, "[t]he presence of a tenant in possession that is paying rent gives rise to a presumption of an assignment sufficient to satisfy the statute of frauds" (Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d at 147). Additionally, 4102 Development demonstrated that the Supermarket had accepted an assignment of the lease through, among other things, the submission of a purchase agreement and closing statement, which stated, inter alia, that the Supermarket had "accepted the garage lease assignment" as part of a larger transaction (see Makris v Boylan, 175 AD3d 1400, 1401-1402; Triple A Supplies, Inc. v WPA Acquisition Corp., 95 AD3d 1301, 1302).
In opposition to 4102 Development's prima facie showing, the Supermarket failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted 4102 Development's motion for summary judgment on the second third-party cause of action for contractual indemnification (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 959; Bilska v Truszkowski, 171 AD3d at 687-688).
The Supermarket's remaining contentions are either without merit or not properly before this Court.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court