Collado v Port Auth. of N.Y. & N.J. (2025 NY Slip Op 03704)

Collado v Port Auth. of N.Y. & N.J.

2025 NY Slip Op 03704

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11713
 (Index No. 703533/17)

[*1]Evelyn Collado, plaintiff, 
v
Port Authority of New York and New Jersey, defendant third-party plaintiff- appellant; Gateway Security, Inc., third-party defendant-respondent.

Port Authority of New York and New Jersey Law Department, New York, NY (Brian P. Hodgkinson of counsel), for defendant third-party plaintiff-appellant.
Harwood Lloyd, LLC, New York, NY (Michael Pinkard of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered August 14, 2023. The order, insofar as appealed from, granted those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance and denied those branches of the defendant third-party plaintiff's cross-motion which were for summary judgment on those third-party causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance are denied, and those branches of the defendant third-party plaintiff's cross-motion which were for summary judgment on those third-party causes of action are granted.
In 2012, the defendant third-party plaintiff, Port Authority of New York and New Jersey (hereinafter the Port Authority), and the third-party defendant, Gateway Security, Inc. (hereinafter Gateway), entered into a contract, whereby Gateway agreed, inter alia, to provide taxi dispatch services at John F. Kennedy International Airport (hereinafter JFK). The contract required Gateway to procure specified insurance coverage and to name the Port Authority as an additional insured. In the contract, Gateway agreed, to the extent permitted by law, to indemnify and hold the Port Authority harmless "from and against all claims and demands, just or unjust, . . . arising out of or in any way connected . . . with the Contract and all other services and activities of [Gateway] under this Contract . . . whether they arise from the acts or omissions of . . . the Port Authority."
In April 2016, the plaintiff, an employee of Gateway, allegedly was injured when she tripped and fell on uneven pavement in one of the parking lots at JFK while performing her duties for Gateway. In March 2017, the plaintiff commenced this action against the Port Authority to recover damages for personal injuries. The Port Authority commenced a third-party action against Gateway, asserting, among other things, causes of action for contractual indemnification and alleging [*2]breach of contract for failure to procure insurance.
Thereafter, Gateway moved, inter alia, for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance, and the Port Authority cross-moved, among other things, for summary judgment on those third-party causes of action. The Supreme Court, inter alia, granted those branches of Gateway's motion and denied those branches of the Port Authority's cross-motion. The Port Authority appeals.
The Supreme Court should have denied that branch of Gateway's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and should have granted that branch of the Port Authority's cross-motion which was for summary judgment on that third-party cause of action. "The right to contractual indemnification depends upon the specific language of the contract" (Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 959 [internal quotation marks omitted]; see Holub v Pathmark Stores, Inc., 66 AD3d 741, 742). Here, the Port Authority established, prima facie, that the plaintiff's allegations fell within the broad indemnification provision of the contract, which encompassed even those claims that were alleged to arise out of the Port Authority's own negligence (see Bradley v Earl B. Feden, Inc., 8 NY3d 265, 275; Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 959; Capstone Enters. of Port Chester, Inc. v Board of Educ. Irvington Union Free Sch. Dist., 106 AD3d 853, 855).
In opposition to that branch of the Port Authority's cross-motion which was for summary judgment on the third-party cause of action for contractual indemnification, Gateway failed to raise a triable issue of fact, and similarly failed to meet its prima facie burden on that branch of its motion which was for summary judgment dismissing that third-party cause of action. Contrary to the Supreme Court's determination, General Obligations Law § 5-322.1 is inapplicable to this case, as the contract was unrelated to "the construction, alteration, repair or maintenance of a building" (see Selis v Town of N. Hempstead, 213 AD3d 878, 880; Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 959). Gateway also contends for the first time on appeal that the indemnification provision violates General Obligations Law § 5-323. Although we reach this contention because it presents an issue of law that appears on the face of the record and could not have been avoided had it been raised at the proper juncture (see English v Wainco Goshen 1031, LLC, 218 AD3d 444, 445; see also Vasquez v Manhattan Coll., 223 AD3d 601, 603), this contention is without merit. The contract is not one "affecting real property" or for "services rendered in connection with the construction, maintenance and repair of real property" within the meaning of General Obligations Law § 5-323 (see Florence v Merchants Cent. Alarm Co., 51 NY2d 793, 795; Auburn Steel Co. v Westinghouse Elec. Corp., 158 AD2d 938, 938).
Additionally, the Port Authority established its prima facie entitlement to judgment as a matter of law on the third-party cause of action alleging breach of contract for failure to procure insurance, by demonstrating that Gateway failed to procure all of the coverage required by the contract (see 455 Dumont Assoc., LLC v Rule Realty Corp., 180 AD3d 735, 736; Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 593, 594). In opposition, Gateway failed to raise a triable issue of fact, and for the same reasons, failed to meet its prima facie burden on that branch of its motion which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance.
Accordingly, the Supreme Court should have denied those branches of Gateway's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance, and should have granted those branches of the Port Authority's cross-motion which were for summary judgment on those third-party causes of action.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court