Sterlacci v Clove Lakes Healthcare & Rehabilitation Ctr., Inc. (2025 NY Slip Op 05714)

Sterlacci v Clove Lakes Healthcare & Rehabilitation Ctr., Inc.

2025 NY Slip Op 05714

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-11866
 (Index No. 150673/23)

[*1]Jerome Sterlacci, etc., appellant, 
v
Clove Lakes Healthcare and Rehabilitation Center, Inc., respondent.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark Laughlin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated October 27, 2023. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as alleged gross negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2020, Gerome Sterlacci (hereinafter the decedent) was admitted to a nursing facility operated by the defendant. During his admission, the decedent allegedly became infected with SARS-CoV-2 and COVID-19, which resulted in his death. Thereafter, the plaintiff, as the administrator of the decedent's estate, commenced this action against the defendant, asserting causes of action, inter alia, sounding in negligence and gross negligence. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, among other things, that it was immune from liability pursuant to the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). In an order dated October 27, 2023, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
The plaintiff's contention that the defendant failed to sufficiently demonstrate that it qualified for EDTPA immunity, raised for the first time on appeal, is not properly before this Court (see Matter of Porth v Maio, 228 AD3d 709, 710; English v Wainco Goshen 1031, LLC, 218 AD3d 444, 445).
The plaintiff's contention that the Supreme Court erred in granting dismissal of so much of the complaint as alleged gross negligence is also raised for the first time on appeal. However, that contention presents a pure question of law appearing on the face of the record that could not have been avoided if it had been raised at the proper juncture (cf. Coscia v Jamal, 156 [*2]AD3d 861, 864). Therefore, we address the merits as a matter of discretion (see English v Wainco Goshen 1031, LLC, 218 AD3d at 445-446).
An exception to EDTPA immunity exists for "allegations that the defendants' acts or omissions constituted willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm" (Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732-733; see Public Health Law former § 3082[2]). "To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3D 901, 902 [internal quotation marks omitted]; see Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 801).
Here, the complaint alleged sufficient facts to state a cause of action alleging gross negligence. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as alleged gross negligence.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court